IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 2:17-CR-137-D(01) |
| | § | |
| MANUEL DIMAS GUERRA, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses several pretrial motions filed by defendant Manuel Dimas Guerra ("Guerra") and one motion for discovery filed by the government.

Guerra is charged in Count One of the indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846; in Count Two of the indictment with possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii)[1]; and in Count Three of the indictment with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).[2] The following motions are pending for decision: Guerra's January 4, 2018 request for discovery of experts; Guerra's January 4, 2018 motion for pretrial notice under Fed. R. Evid. 404(b)

---

[1]Guerra is also charged as an aider and abettor under 18 U.S.C. § 2.

[2]Guerra is also charged as an aider and abettor under 18 U.S.C. § 2.

of intention of government to introduce evidence of other crimes, wrongs, or acts; Guerra's January 4, 2018 motion for discovery of exculpatory evidence; Guerra's January 4, 2018 discovery motion; and the government's February 5, 2018 motion for discovery.[3] The trial is set for August 20, 2018.

I

In his January 4, 2018 request for discovery of experts, Guerra asks for two categories of disclosures.

A

Guerra first requests that the government be ordered under Fed. R. Crim. P. 16(a)(1)(F) to disclose any results or reports of any physical or mental examination and of any scientific test or experiment.

To the extent that Guerra requests discovery that the government is required to disclose under Rules 16(a)(1)(F), 12(b)(4), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and/or the Jencks Act, 18 U.S.C. § 3500, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § V.

---

[3]Guerra has also filed a January 4, 2018 motion *in limine* under Rules 403, 404, and 608. The court will address this motion at the pretrial conference.

B

Guerra next requests that the government be ordered to produce a written summary of any testimony from any expert witnesses whom it intends to use under Fed. R. Evid. 702, 703, or 705 during its case-in-chief, including a description of the witness' opinions, the bases and reasons for those opinions, and the witness' qualifications.

The court grants the motion to the extent that Rule 16(a)(1)(G) requires disclosure by the government; to the extent Guerra requests greater relief, the motion is denied. The court orders the government to comply with Rule 16(a)(1)(G) no later than the date specified *infra* at § V.

II

In his January 4, 2018 motion for pretrial notice under Fed. R. Evid. 404(b) of intention of government to introduce evidence of other crimes, wrongs, or acts, Guerra requests that the government be ordered to provide a general description of other crimes, wrongs, or acts by Guerra and the purpose for which such evidence will be offered. The government has not responded.

The court grants the motion to the extent that Fed. R. Evid. 404(b) requires disclosure by the government. To the extent the motion exceeds what Fed. R. Evid. 404(b) requires, the motion is denied. The government must provide the notice required by Fed. R. Evid. 404(b) no later than the date specified *infra* at § V.

III

In his January 4, 2018 motion to compel disclosure of exculpatory evidence, Guerra requests that the government be ordered to disclose 11 subcategories of evidence that he maintains would be exculpatory. He requests that the government's attorney be ordered to examine his or her files and to question the government's agents, informants, or other persons working with the government in this case as to their knowledge of any such evidence or materials; and that his counsel be allowed to question the government's attorney and the government's agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

To the extent Guerra requests discovery that the government is required to disclose under *Brady*, the motion is granted. To the extent his requests exceed what *Brady* requires, the motion is denied. The court also denies his request that his counsel be permitted to question the government's attorney and the government's agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

The government must make any required disclosures no later than the date specified *infra* at § V.

IV

In Guerra's January 4, 2018 discovery motion, he moves for 12 categories (including subcategories) of discovery. The court has organized some of Guerra's categories of evidence into subcategories for purposes of this memorandum opinion and order.

A

In requests Nos. 1-3, 11 and 12, Guerra requests that the government be ordered to disclose information or evidence as required by Rule 16(a)(1)(A)-(F). In request No. 1, Guerra requests that the government be ordered to disclose all oral, written, or recorded statements made by Guerra within the possession, custody, or control of the government, including any audio recordings and the substance of any oral statements made by him to government agents or law enforcement officers, including probation or parole officers, before or after his arrest. Guerra requests in request No. 2 that the government be ordered to disclose all books, papers, documents, photographs, tangible objects, or copies or portions thereof, within the possession, custody, or control of the government that are material to the preparation of Guerra's defense, or are intended as evidence in chief at the trial, or were obtained from or belong to Guerra. This request includes any checks and other securities, computers, programs, software, diskettes, printers, check stock, counterfeit payroll, chemicals, fingerprints, handwriting exemplars, identification, bank statements, and other potential evidence. In request No. 3, Guerra requests that the government be ordered to disclose any results or reports of all physical or mental examinations and of scientific tests or experiments conducted by federal or state authorities in the course of the investigation of this case, and any related state investigation of Guerra, including all fingerprints or handwriting reports, and results compiled by, and who examined, known fingerprints, palm prints, or handwriting exemplars of Guerra and compared them to questioned specimens. This request includes any chemical analysis of narcotics and reports generated from tests, and

a request to review the reports of polygraph tests administered to participating government informants. Guerra requests in request No. 11 that the government be ordered to disclose any information or evidence gained by electronic surveillance, including wiretaps, videotapes, and tape recorded conversations, or the like, concerning Guerra, any alleged coconspirators or codefendants, and/or any witness. This request includes any copies of written transcripts, reports, or an opportunity to see or hear any information or evidence so gathered. In request No. 12, Guerra requests that the government be ordered to disclose a copy of his prior criminal record, including the disposition of the cases.

To the extent that Guerra requests discovery that the government is required to disclose under Rules 16(a)(1)(A)-(F), 12(b)(4), and 26.2, *Brady*, and its progeny, *Giglio*, and its progeny, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § V.

B

Guerra requests in request No. 4 that the government be ordered to disclose any evidence that may be used to impeach any government witness, including any evidence that may be used to substantially impeach the credibility of any key government witness and any government witness' prior criminal record or other prior material acts of misconduct. In request No. 5, Guerra requests that, pursuant to Fed. R. Evid. 613, the government be ordered to disclose all information that it has regarding inconsistent statements of any witness it may

call at trial. In request No. 6, Guerra requests that, pursuant to Fed. R. Evid. 607 and 608, the government be ordered to disclose any information regarding the untruthfulness of any government witness whom it may call at trial. He requests in request No. 7 that the government be ordered to disclose any information known to the government, or that may become known by searching its files and the files of other government agencies, regarding the use of narcotics by any witness whom the government may call at trial, at the time of the witness' cooperation with the government, when the witness appeared before the grand jury, when the witness entered a guilty plea, or at trial. He also requests disclosure of any psychiatric examinations administered to any informant witness.

To the extent Guerra requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied.

C

In request No. 8, Guerra requests that the government be ordered to disclose any notes, tapes, and/or memoranda made by a government agent, including any person who may have been acting as an informer, or in an investigative or undercover capacity. Guerra also requests that, if such notes, tapes, and/or memoranda were once in existence but have since been destroyed, the government be ordered to disclose the purpose and exact information surrounding their destruction, and if such items have not been destroyed, the government be ordered to preserve such items.

To the extent Guerra requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The court grants Guerra's request that the government be required to preserve such notes, tapes, and/or memoranda, even if such materials are not disclosed to Guerra.

D

In request No. 9, Guerra requests that the government be ordered to disclose whether any government agent, informer, or anyone else acting at the direction of the government has communicated with him since the commencement of adversarial proceedings against him in this case or any related state case. Guerra further requests the identification of any such individuals and details of the circumstances of such communications, as well as any statements made by him or any government agent.

If the government has used an informant in investigating or prosecuting Guerra, it must notify the court *in camera* no later than May 21, 2018. With respect to other individuals, to the extent Guerra requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § V.

E

In request No. 10, Guerra requests that the government be ordered to disclose any witness statements at least 48 hours before the witness testifies at trial or at any sentencing hearing. Guerra requests disclosure of any witness' prior testimony (such as grand jury testimony), prior written statements, and reports or notes, any reports of prior oral statements, and any prosecutor's notes concerning witness statements that have been or may be adopted, approved, or verified by the witness. Guerra also requests that the court order the government to produce any exculpatory witness statements, negative exculpatory witness statements, and evidence concerning narcotic habits or psychiatric treatment of any government witness. Guerra also seeks to discover the personnel file of any government witness that may contain evidence material to the preparation of a defense or contain *Brady* or *Giglio* material.

To the extent Guerra requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The court denies Guerra's request regarding the production deadline for witness statements. "18 U.S.C. § 3500(b) (which pertains to the government) and Rule 26.2(a) (which pertains to the government and to a defendant) do not authorize the court to compel a party to produce a witness statement any earlier than after a witness has testified on direct examination." *United States v. Khoury*, 2014 WL 6633065, at *5 (N.D. Tex. Nov. 24, 2014) (Fitzwater, J.). "In this district, however, it is the custom for Jencks Act-type materials,

including statements under Rule 26.2(a), to be disclosed at the end of the business day preceding the date on which the defendant will begin his cross-examination of a witness." *Id*. Thus the government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § V.

V

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply with its discovery obligations under case law, statute, rule, and this memorandum opinion and order no later than July 23, 2018. Guerra also must make any disclosures required of him under § VI of this memorandum opinion and order no later than July 23, 2018.

Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which the defendant will begin his cross-examination of the witness.

VI

The government moves for discovery under Rule 16(b). It maintains that it has disclosed, or is in the process of disclosing, to Guerra the evidence in the government's possession that is subject to discovery under Rule 16(a)(1), and it moves the court to order Guerra to comply with the obligations imposed by Rule 16(b)(1)(A), 16(b)(1)(B), and 16(b)(1)(C). The government also moves the court to permit the government—at the time a defense witness testifies at trial—to examine, inspect, and copy any evidence, material, or

matters that might impeach or discredit the credibility of witnesses whom the defendant intends to call at trial, and to permit the government to examine, inspect, and copy any statements of any witnesses, written, oral, summarized, and/or adopted by said witnesses, including investigator's notes and work papers, of a witness whom the defendant calls at trial. Guerra has not responded to the motion.

To the extent the government is entitled to discovery under Rule 16(b)(1) and has satisfied any applicable prerequisite prescribed by that rule, the court grants the motion; otherwise, the motion is denied. Guerra must make the required disclosures no later than the date specified *supra* at § V.

**SO ORDERED**.

May 9, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE